UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Chapter 7 |
| | : | |
| PETER WILLIAM DiGIOVANNI, | : | |
| | : | |
| Debtor. | : | Bky. No. 09-12738ELF |
| | : | |
| ESTATE OF HELEN J. DiSABATO, | : | |
| Michele Demko and Norman | : | |
| Demko, Co-executors, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| PETER WILLIAM DiGIOVANNI, | : | |
| | : | |
| Defendant. | : | Adv. No. 09-00226 |
| | : | |

# ORDER

AND NOW WHEREAS, on **January 19, 2011**, Defendant Peter William DiGiovanni having filed a motion entitled "Motion for Reconsideration of the January 5, 2011 Order Determining Debt to Be Nondischargeable ("the Motion to Reconsider") (Doc. #31);

AND, the purpose of a motion for reconsideration being to correct manifest errors of law or fact or to present newly discovered evidence. E.g., Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985), cert. denied, 476 U.S. 1171, 106 S. Ct. 2895 (1986);

AND, it being accepted legal principles that such motions are not designed to allow a party to simply change theories, try again, thus giving them "a second bite at the apple," e.g., Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995), and that "courts should grant such motions sparingly," In re Kuhar, 2007 WL 2245912, *2 (Bankr. E.D. Pa. Aug.

1, 2007) (citations omitted);

**AND**, the Reconsideration Motion failing to present: (a) arguments not previously considered by the court; (b) any persuasive argument that the court previously committed a manifest error of law or (c) any newly discovered evidence;

It is hereby **ORDERED** that:

1. The Motion to Reconsider is **DENIED.**

2. The hearing presently scheduled for **February 16, 2011** is **CANCELED.**

Date: January 20, 2011

ERIC L. FRANK
U.S. BANKRUPTCY JUDGE

cc: Peter William DiGiovanni
 1477 Heather Hills Lane
 Glen Mills, PA 19342